IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ACKISON SURVEYING, LLC,              :
                                     :          Case No. 2:15-CV-2044
            Plaintiff,               :
                                     :          JUDGE ALGENON L. MARBLEY
      v.                             :
                                     :          Magistrate Judge Kemp
FOCUS FIBER SOLUTIONS, LLC, *et al.*, :
                                     :
            Defendants.              :

## OPINION & ORDER

This matter is before the Court on the Motion to Dismiss of Defendants Focus Fiber

Solutions, LLC and FTE Networks, Inc. (Doc. 6.) Defendants move to dismiss Plaintiff

Ackison Surveying, LLC's Complaint on the basis of improper venue under Federal Rule of

Civil Procedure 12(b)(3). For the reasons that follow, the Court **DENIES** the Motion to Dismiss.

## I.      BACKGROUND

Plaintiff Ackison Surveying, LLC ("Ackison"), an engineering firm located in

Marysville, Ohio, filed this diversity action against Defendants on May 18, 2015. (Compl., Doc.

1 at ¶ 1.) Defendant Focus Fiber Solutions, LLC ("Focus") is a Delaware limited liability

company with its principal place of business in Louisville, Kentucky. (*Id.* at ¶ 2.) Defendant

FTE Networks, Inc. ("FTE"), the parent company of Focus, is a Nevada corporation with its

principal place of business in Naples, Florida. (*Id.* at ¶ 3.) In June 2012, Focus asked Ackison,

which provides engineering services for telecommunications-infrastructure projects, for a bid to

perform field engineering and computer-aided design ("CAD") drafting and produce permit

applications for a project to lay over five million feet of fiber optic cable in Virginia (the "SOVA

project"). (*Id.* at ¶¶ 1, 8.) Ackison submitted a bid, which Focus accepted. (*Id.* at ¶ 8.)

1

To begin the project, Ackison sent a surveying agent to Virginia to collect field data on the designated route where Focus intended to lay the fiber optic cable.  (Affidavit of Rich Ackison, Doc. 8-1 at ¶¶ 4, 8.)  The agent walked the designated route with a GPS device and gathered topographical information.  (*Id.* at ¶ 4.)  The field data was then sent back to Ackison's Ohio office.  (*Id.* at ¶¶ 5, 8.)  The terms of the bid required Ackison to prepare CAD files and use them along with other necessary information to obtain permits for Focus to lay the fiber optic cable along particular routes.  In completing its work on the SOVA project, Ackison uploaded CAD files to its computer network, from which Focus retrieved the files.  (Compl., Doc. 1 at ¶ 9.)  Ackison also prepared and submitted the permit applications, which contained its CAD drawings, to the Virginia Department of Transportation.  (*Id.* at ¶ 10.)  After delivery of the CAD drawings and permits, Ackison prepared invoices at its Ohio office and sent the invoices to Focus.  (Ackison Aff., Doc. 8-1 at ¶ 12.)  Focus paid some of those invoices by mailing payment to the Ohio office or submitting payment to Ackison's Ohio bank accounts but, according to Ackison, failed to pay $269,631 of the amount owed.  (*Id.* at ¶¶ 13-14; Compl., Doc. 1 at ¶ 13.)  Focus's failure to pay Ackison Surveying has resulted in economic harm to Ackison, including difficulty meeting payroll and paying subcontractors.  (Ackison Aff., Doc. 8-1 at ¶ 16.)

Ackison commenced this action on May 18, 2015, bringing causes of action for: breach of contract; action on account; violation of the Prompt Pay Act, Ohio Revised Code § 4113.61; unjust enrichment; fraudulent transfer; and alter ego/veil piercing.  (Compl., Doc. 1 at ¶¶ 14-49.)

## II.    STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(3), a party may move for dismissal of a case for improper venue.  On such a motion, the plaintiff bears the burden of establishing that venue is proper.  *Pioneer Surgical Tech., Inc. v. Vikingcraft Spine, Inc.*, No. 2:09-CV-271, 2010 WL

2925970, at *2 (W.D. Mich. July 21, 2010). The plaintiff's burden at this stage is to make a

*prima facie* showing that venue is proper. *Zimmer Enters., Inc. v. Atlandia Imports, Inc.*, 478 F.

Supp. 2d 983, 986 (S.D. Ohio 2007); *J4 Promotions, Inc. v. Splash Dogs, LLC*, No. 08-CV-977,

2009 WL 385611, at *25 (N.D. Ohio Feb. 13, 2009). If the Court decides that the motion to

dismiss can be decided without an evidentiary hearing, it "must consider the pleadings and

affidavits in the light most favorable to the plaintiff." *J4 Promotions*, 2009 WL 385611, at *25

(quoting *Centerville ALF, Inc. v. Balanced Care Corp.*, 197 F. Supp. 2d 1039, 1046 (S.D. Ohio

2002)). Finally, the plaintiff must show that venue is "proper for each claim and as to each

defendant in order for the court to retain the action." *Pioneer Surgical Tech.*, 2010 WL 2925970,

at *2 (quoting *Verbis v. Iowa Dep't of Human Servs.*, 18 F. Supp. 2d 770, 774 (W.D. Mich.

1998)).

### III.    ANALYSIS

Under 28 U.S.C. § 1391(b), a civil action may be brought in federal district court in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Because none of the Defendants resides in Ohio and because the Eastern

District of Virginia would presumably provide another available forum for this action, Plaintiff

must show jurisdiction under § 1391(b)(2).

Defendants contend that Plaintiffs cannot show that any of the events giving rise to the

fraudulent-transfer and alter-ego claims occurred in this district. (Doc. 6 at 5.) Plaintiff counters

that the complaint and the affidavit of its owner, Rich Ackison, show that a substantial part of the

events giving rise to all of its claims occurred in this district, pointing specifically to: (1)

3

Defendants' soliciting and accepting a bid from Ackison while knowing that it was located in

Ohio and would perform the bulk of its engineering work in this state; (2) Ackison's uploading

from its Ohio computers the data that Defendants then accessed; (3) Defendants' mailing

payment checks to Ackison's Ohio office;  and (4) Ackison and its agents feeling the impact of

the loss of $269,631.36 in Ohio.  (Doc. 8 at 6-7.)  In the alternative, Plaintiff argues that even if

venue is not proper in this district for the fraudulent-transfer and alter-ego claims standing alone,

the Court should exercise its discretion to hear all claims in the action under the doctrine of

pendant venue.  (*Id.* at 9-10.)

A plaintiff "may file his complaint in any forum where a substantial part of the events or

omissions giving rise to the claim arose; this includes any forum with a substantial connection to

the plaintiff's claim." *First of Michigan Corp. v. Bramlet*, 141 F. 3d 260, 263 (6th Cir. 1998)

(citing 28 U.S.C. § 1391(a)).  Venue may be proper in more than one forum, but the statute's

substantiality requirement necessitates more than a "tangential" connection. *Reilly v. Meffe*, 6 F.

Supp. 3d 760, 765-66 (S.D. Ohio 2014).  In other words, the test for proper venue is whether

there is a substantial connection between the forum and the plaintiff's claim, not whether it is the

*only* forum with a substantial connection, or whether it is the forum with the *most* substantial

connection to the claim. *See Bramlet*, 141 F.3d at 264.

One court in this district has noted that "courts are split as to whether [to] focus on the

activities of the defendants or both parties." *Reilly*, 6 F. Supp. 3d at 766-67.  In *Bramlet*, the

Sixth Circuit considered the actions of the plaintiffs and the defendants in determining that the

district court erred in dismissing the plaintiffs' action based on improper venue.  141 F.3d at 264

("Most of the transactions relating to the [defendants'] investments took place in Michigan or

resulted from contact the [defendants] had with [a plaintiff], who at all times conducted in

Michigan."). Other district courts in this circuit have followed suit. *See, e.g.*, *Kelly Servs. v. Eidnes*, 530 F. Supp. 2d 940, 949 (E.D. Mich. 2008); *Steelcase, Inc. v. Mar-Mol Co., Inc.*, 210 F. Supp. 2d 920, 937 (W.D. Mich. 2002). But other district courts in the Sixth Circuit have suggested that because the substantiality requirement is intended to prevent a defendant from being haled into a remote district having no relationship to the dispute, courts often "focus on the relevant activities of the defendant, rather than the plaintiff, in determining where a substantial part of the underlying events occurred." *Pioneer Surgical Tech.*, 2010 WL 2925970, at *3. In any event, even focusing on the activities of the defendant, the Court concludes that venue for this action is proper in this district.

In determining whether venue is proper under § 1391(b)(2) "in actions involving contract disputes, courts look to (1) where the contract was negotiated and executed, (2) where the contract was performed, and (3) where the alleged breach occurred." *Reilly*, 6 F. Supp. 3d at 766. Courts may also consider "where the effects of a defendant's alleged breach are experienced." *Id.* (citing *Sygnetics, Inc. v. Hops Int'l, Inc.*, No. 12-CV-14328, 2013 WL 1395806, at *3 (E.D. Mich. Jan. 17, 2008)). Here, there was no contract between Focus and Ackison, but Focus solicited a bid from Ackison by communicating with Ackison in its Ohio office. The contract was performed in both Virginia and Ohio, but the bulk of the engineering work occurred in Ackison's Ohio office. The alleged breach occurred after Ackison demanded payment by sending invoices from Ohio to Virginia and Focus declined to pay. Finally, Ackison has alleged that it suffered economic harm from the breach by being unable to pay its employees and subcontractors in Ohio.

Defendants do not contest that a substantial part of the events giving rise to the contract claims arose in Ohio, but they dispute venue as to the fraudulent-transfer and alter ego claims,

5

attempting to distinguish the events and omissions that gave rise to those two claims.  (Doc. 6 at

5.)  They contend that these two claims lack a substantial connection because the fraudulent-

transfer claim rests on an alleged transfer of money to a third party outside of Ohio and the alter-

ego claim is predicated on a theory that FTE exercised complete control over Focus, which it

could not have done in Ohio because neither company was located there.  (*Id.* at 5-6.)  Plaintiff

responds that this is a misreading of the venue statute because these two claims are derivative of

other claims in the suit and depend on establishing liability of those other claims.  (Doc. 8 at 7.)

Plaintiff points the Court to two other cases in this district where courts have found that claims of

fraudulent transfer to a third party were appropriately venued in the district.  But Defendants

convincingly argue that these two cases are distinguishable because the first, *Redhawk Global,*

*LLC v. World Projects International*, 495 B.R. 368, 373 (S.D. Ohio 2013), dealt with venue

under Bankruptcy Rule 5005(a)(1), and the second, *Moran v. A/C Financial, Inc.*, No. 3:05-cv-

00071, 2006 WL 2815491, at *4 (S.D. Ohio Sept. 28, 2006), applied the venue provision of

Section 27 of the Securities Exchange Act of 1934, 15 U.S.C. § 78aa.

        This Court finds, however, that another case Plaintiff cites is persuasive, *Pearle Vision,*

*Inc. v. N.J. Eyes, Inc.*, No. 1:08-cv-190, 2009 WL 73727, at *6 (S.D. Ohio Jan. 6, 2009).

Although *Pearle Vision* involved a Lanham Act claim for trademark infringement, the

circumstances there resemble those before the Court.  An Ohio-based plaintiff brought claims for

breach of contract and trademark infringement in the Southern District of Ohio against an out-of-

state defendant with whom it had a franchise agreement.  *Id.* at *1.  The court found that venue

on the breach-of-contract claims was proper because a substantial part of the acts and omissions

giving rise to those claims occurred in the district, noting that the defendant mailed its notice of

intent to renew its franchise agreement to the plaintiff's Ohio office, the plaintiff made its

6

decisions regarding the renewal process in Ohio and communicated from its Ohio headquarters

by phone and email with the defendant, and the plaintiff experienced injury from the breach in

Ohio. *Id.* at \*5. The court went on to analyze the proper venue for the trademark infringement

claims, which it said was a closer question. *Id.* Ultimately, the court found that the trademark

claims were properly venued in Ohio because:

> They arise from the same series of transactions and occurrences as the breach of contract
> claims. Defendants' use of the PVI System and Marks began pursuant to a contractual
> relationship. Their continued use of the PVI System and Marks became actionable under
> the trademark laws, if at all, because of the termination of the contractual relationship.

*Id.* at \*7.

Similarly here, the fraudulent-transfer and alter-ego claims become actionable "because

of the termination of the contractual relationship." *Id.* After all, the key act giving rise to the

fraudulent-transfer and alter-ego claims was the agreement for Ackison to perform engineering

services for Focus in exchange for payment. *See Mitrano v. Hawes*, 377 F.3d 402, 405 (4th Cir.

2004) ("[I]n determining whether events or omissions are sufficiently substantial to support

venue ..., a court should not focus only on those matters that are in dispute or that directly led to

the filing of the action ... [but r]ather, it should review the entire sequence of events underlying

the claim.") (internal quotations and citations omitted). Although other events subsequently

transpired, the initial alleged failure to pay Ackison for work performed in Ohio was an

important event underlying both the fraudulent-transfer and alter-ego claims. Accordingly, the

Court finds that a "substantial part of the events or omissions giving rise to [these] claims

occurred" in this district. 28 U.S.C. § 1391(b)(2).

7

## IV.    CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss for Improper Venue is

**DENIED**.

    **IT IS SO ORDERED.**

                                        **s/ Algenon L. Marbley**
                                     **ALGENON L. MARBLEY**
                                   **UNITED STATES DISTRICT JUDGE**

**DATED:  April 13, 2016**