IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ACKISON SURVEYING, LLC, | : |
| | : Case No. 2:15-cv-02044 |
| **Plaintiff,** | : |
| | : JUDGE ALGENON L. MARBLEY |
| v. | : |
| | : Magistrate Judge Kemp |
| FOCUS FIBER SOLUTIONS, LLC, *et al.,* | : |
| | : |
| **Defendants.** | : |

## OPINION & ORDER

This matter is before the Court for consideration of Defendants' Motion to Compel Arbitration and Stay Judicial Proceedings. (Doc. 14.) For the reasons set forth below, the Court **DENIES** the motion.

### I. BACKGROUND

Plaintiff filed a complaint in this court on May 18, 2015, against Defendants Focus Fiber Solutions, LLC, and FTE Networks, Inc., alleging that Defendants failed to pay for work done by Plaintiff on a telecommunications project (the "SOVA project"). (Doc. 1.) Plaintiff brought claims against Defendants for breach of contract; action on account; violation of Ohio's Prompt Pay Act; unjust enrichment; fraudulent transfer; and alter ego/veil piercing. (*Id.* at 4-9.) Defendants filed a motion to dismiss the case on the basis of improper venue, which the Court denied on April 13, 2016 (Doc. 11.) Two weeks later, Defendants filed a motion to compel arbitration and stay judicial proceedings pending arbitration. (Doc. 14.)

1

## II. STANDARD OF REVIEW

The Federal Arbitration Act ("FAA") was enacted "to provide for enforcement of privately entered agreements to arbitrate." *Ferro Corp. v. Garrison Indus., Inc.*, 142 F.3d 926, 932 (6th Cir. 1998). Under the FAA:

> A written provision in any maritime transaction of contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter..., or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2. A party aggrieved by the refusal of another party to arbitrate under an agreement for arbitration may petition the court for an order directing that such arbitration proceed according to the terms of the agreement. 9 U.S.C. § 4. The Court's task is to "determine whether the parties agreed to arbitrate the dispute at issue." *Stout v. J.D. Byrider*, 228 F.3d 709, 714 (6th Cir. 2000). Whether the parties' contract evinces an agreement to arbitrate is governed by principles of state contract law. *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995). The Court must "examine the language of the contract in light of the strong federal policy in favor of arbitration." *Stout*, 228 F.3d at 714. Put differently, "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself, or an allegation of waiver, delay, or a like defense to arbitrability." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983).

In examining a motion to compel arbitration, "courts treat the facts as they would in ruling on a summary judgment motion, construing all facts and reasonable inferences that can be drawn therefrom in a light most favorable to the non-moving party." *Jones v. U–HAUL Co. of*

*Mass. and Ohio, Inc.*, No. 2:13–CV–1265, 2014 WL 1670099, at *4 (S.D. Ohio April 23, 2014) (citing *Raasch v. NCR Corp.*, 254 F. Supp. 2d 847, 851 (S.D. Ohio 2003)).

### III.  ANALYSIS

#### A.  Motion to Compel

Defendants contend that because all of Plaintiff's claims are subject to a mandatory arbitration provision in the parties' March 10, 2010 subcontractor agreement (Subcontractor Agreement Doc. 14-1 at 7.), these claims must be decided in an existing arbitration action that Defendants have already commenced. (Doc. 14 at 3.) Plaintiff counters that the contract is inapplicable to the case at hand because the terms of the March 10, 2010 agreement concern another project (the "Zayo project"), that was initiated before negotiations for the SOVA project began. (Doc. 17 at 2.) Additionally, Plaintiff claims that a Purchase Order and a Statement of Work (Doc. 17-1 at 5-9.) relating to the SOVA project constitute a contract between the parties, and because these documents contain no arbitration provision, Defendants' motion must be denied. (Doc. 17 at 5-6.) In their reply, Defendants claim that the parties agreed to work on the SOVA project under the same terms as those set forth in the Zayo project contract, but they have not produced any written document to that effect. (Doc. 18 at 1-2.)

As a general matter, the Supreme Court has recognized a "liberal federal policy favoring arbitration agreements." *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83 (2002) (quoting *Moses*, 460 U.S. at 24-25 (1983)). An exception to this policy exists, however, when the question is whether the parties have submitted a particular dispute to arbitration, otherwise known as the "question of arbitrability." *Id.* at 83 (citing *AT & T Tech., Inc. v. Commc'n Workers*, 475 U.S. 643, 649 (1986)). This question is "an issue for judicial determination unless the parties clearly and unmistakably provide otherwise." *AT & T*, 475 U.S. at 649. The exception is applicable

"where contracting parties would likely have expected a court to have decided the gateway matter, where they are not likely to have thought that they had agreed that an arbitrator would do so, and, consequently, where reference of the gateway dispute to the court avoids the risk of forcing parties to arbitrate a matter that they may well not have agreed to arbitrate." *Howsam*, 537 U.S. at 83-84. More specifically, when "the dispute at issue concerns contract formation, the dispute is generally for courts to decide." *Granite Rock Co. v. Int'l Bhd. of Teamsters*, 561 U.S. 287, 296 (2010).

In the present case, Defendants have submitted a Declaration from John Wood, Chief Operating Officer of FTE Networks, Inc., in which he claims that a contract similar to the Zayo contract (with an identical arbitration provision) was prepared for the SOVA project, but cannot be located. (Doc. 14-1 at 1-2.) Plaintiff, in turn, alleges that no such contract exists. (Doc. 17 at 3-4.) Because arbitration agreements are contracts, their enforceability is reviewed according to the applicable state law of contract formation. *Seawright v. American General Financial Services, Inc.*, 507 F.3d 967, 972 (6th Cir. 2007) (citing *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 943-44 (1995)). Defendants have alleged that a contract for the SOVA project exists, but are unable to produce it and therefore there is at the very least a genuine dispute of material fact as to the existence of a contract, and thus the arbitration provision. As such, the Court **DENIES** Defendants' motion to enforce arbitration.

### B. Motion to Stay

Defendants also claim that even if the Court does not find an agreement to arbitrate, the Court should exercise its discretion to stay the case pending the outcome of the already existing arbitration proceeding. (Doc. 18 at 3.) In essence, Defendants contend that because their claims

in the arbitration proceeding are related to the claims Plaintiff brings in this case, a stay in appropriate. (*Id.* at 4.)

When a district court has jurisdiction over a case, the court has the power to issue a discretionary stay. *GeoVantage of Ohio, LLC v. GeoVantage, Inc.*, No. 2:05–CV–1145, 2006 WL 2583379, at *12 (S.D. Ohio Sept. 6, 2006) (citing *Jewell v. Davies*, 192 F.2d 670, 672–73 (6th Cir. 1951)). In considering a motion to stay, a court "must tread carefully in granting a stay of proceedings, since a party has a right to a determination of its rights and liabilities without undue delay." *Vaughn v. Marshall*, No 2:09-cv-00097, 2009 WL 3260382, at *2 (S.D. Ohio Oct. 8, 2009) (quoting *Ohio Envtl. Council v. U.S. Dist. Court, S. Dist. of Ohio, E. Div.*, 565 F.2d 393, 396 (6th Cir. 1977)). The movant for a stay bears the heavy burden of showing a discretionary stay is necessary, and the stay should not prejudice the non-moving litigant unduly. *Id.* at *2.

As to the necessity of the stay, Defendants argue that liability and damages will be adequately determined in the arbitration proceeding, thereby making Plaintiff's lawsuit in this Court duplicative. (Doc. 18 at 4.) Contrary to Defendants' assertion, however, the arbitration proceeding does not touch on the same claims Plaintiff raises in its Complaint, nor are the facts and circumstances similar enough to warrant a stay. In particular, Plaintiffs' claims of unjust enrichment, alter/ego veil piercing, and violation of Ohio's Prompt Pay Act are all absent from the arbitration. (Doc. 14-2 at 7.) Further, Defendants allege that Plaintiff has inadequately performed work on both the SOVA and Zoya projects (Doc. 14-2 at 3-8.), whereas Plaintiff's Complaint alleges that Defendants have failed to pay for work performed solely on the SOVA project. (Doc. 1 at 1-10.) Additionally, Defendants seek different amounts in damages in arbitration (Doc. 14-2 at 7-8) from what Plaintiff seeks here. (Doc. 1 at 9-10.) As a result, far

from being duplicative, this case presents questions of law and fact independent of the arbitration proceeding. Because the claims are not sufficiently intertwined, a stay is not necessary.

Furthermore, a stay would prejudice Plaintiff because it would unduly delay Plaintiff's ability to recover on damages and claims that are unrelated to those in the arbitration proceeding. Given the high likelihood of prejudice, the Court declines to exercise its discretion to stay proceedings.

## IV.    CONCLUSION

For the foregoing reasons, Defendants' Motion to Compel Arbitration and Stay Judicial Proceedings is **DENIED**. (Doc. 14.)

**IT IS SO ORDERED.**

<u>s/Algenon L. Marbley</u>
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT COURT**

**Dated: August 10, 2016**