**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **ACKISON SURVEYING, LLC,** | : | |
| | : | |
| | : | **Case No. 2:15-CV-2044** |
| **Plaintiff,** | : | |
| | : | **JUDGE ALGENON L. MARBLEY** |
| **v.** | : | |
| | : | **Magistrate Judge Kemp** |
| **FOCUS FIBER SOLUTIONS, LLC,** *et al.*, | : | |
| | : | |
| **Defendants.** | : | |

## OPINION & ORDER

This matter is before the Court on Defendant FTE Networks, Inc. ("FTE")'s motion to dismiss for failure to state a claim. (Doc. 22.) FTE is the parent company of Defendant Focus Fiber Solutions, LLC ("Focus"). (Doc. 1 at ¶ 3.) Plaintiff Ackison Surveying, LLC ("Ackison") brought a variety of claims against Focus, and included FTE in an alter ego/veil piercing claim. (*Id.* at ¶¶ 14-49.) For the following reasons, FTE's motion to dismiss Ackison's alter ego/veil piercing claim is **GRANTED**, and Ackison's related motion to amend its complaint is **DENIED**.

## I. BACKGROUND

In 2012, Focus engaged Ackison as a subcontractor to provide engineering services on a telecommunications project (the "SOVA project"). (Doc. 1 at ¶¶ 6-8.) Ackison performed under the contract, and invoiced Focus for its services. (*Id.* at ¶¶ 6-12.) Focus failed to pay all of Ackison's invoices, and Focus now owes Ackison $269,631.36. (*Id.* at ¶ 13.)

On May 15, 2015, Ackison sued Focus and FTE. (Doc. 1.) Ackison named Focus in Counts I through V for breach of contract, action on account, violation of Ohio's Prompt Pay Act, unjust enrichment, and fraudulent transfer. (*Id.* at ¶¶ 14-46.) In Count VI for alter ego/veil

1

piercing, Ackison also seeks to hold FTE, Focus's parent company, liable for Counts I through V. (*Id.* at ¶¶ 3, 47-49.)

Three paragraphs of the complaint address the alleged alter ego relationship between Focus and FTE:

> FTE exercises complete control over its subsidiary entities, including Focus, forming them and merging them out of existence at will, and managing their day-to-day activities. As further alleged herein, FTE is the alter ego of Focus, controls it, and dominates it entirely. There is no meaningful distinction between Focus and FTE when it comes to carrying out its operations and dealing with third parties such as Ackison. (*Id.* at ¶ 3.)
>
> ***
>
> FTE has ultimate responsibility for each of the actions alleged herein. FTE has exercised and continues to exercise complete control over Focus, including in connection with the facilitation of fraudulent, illegal, and unlawful acts, including by preventing Focus from paying Ackison what it is owed and by causing Focus to fraudulently transfer and conceal funds to which Ackison is entitled. (*Id.* at ¶ 48.)
>
> Focus has no separate mind, will, or existence, and is dominated and controlled solely by FTE. As alleged herein, FTE treats itself and Focus as one and the same company, and carries out Focus business through FTE, and vice versa. Because FTE is merely the alter ego of Focus, Ackison is entitled to "pierce the veil" between them and hold Focus and FTE jointly and severally liable for the damages alleged herein. (*Id.* at ¶ 49.)

FTE moved to dismiss Count VI for failure to state a claim for alter ego/veil piercing. (Doc. 22.) In response, Ackison argues that its complaint, as a whole, sufficiently states a claim as to Count VI. (Doc. 27 at 3-8.) Specifically, Ackison argues that the foregoing allegations are not conclusory, and that its allegations in the fraudulent transfer claim push the veil piercing claim into the realm of plausibility. (*Id.* at 5-7.) Alternatively, Ackison seeks to amend its complaint to include "additional allegations that would cure any purported deficiencies raised by FTE as to Plaintiff's veil piercing claim." (*Id.* at 9.) Ackison's proposed First Amended Complaint adds two allegations "upon information and belief," and explains financial hardships

2

it has suffered as a result of "Defendants' pattern of defrauding subcontractors, including the failure to pay Ackison in full[.]"  (*Id.* at ¶¶ 3, 16, 51-52.)  The allegations "upon information and belief" are: (a) "Defendants share the same executives, officers, and managers, and carry on business from the same accounts" (*id.* at ¶ 3); and (b) "Defendants engage[ ] in . . . a pattern of defrauding subcontractors whereby Defendants fraudulently string along subcontractors . . . promising to make payments they had no intention to make.  Numerous times . . ., officers and agents of both Focus and FTE affirmed the companies' obligations to Ackison and promised to pay Ackison what it is owed, but full payment was never made."  (*Id.* at ¶ 16; *see also id.* at ¶ 51.)

On October 12, 2016, FTE filed a reply in support of its motion to dismiss and in opposition to Ackison's motion in the alternative to amend its complaint.  (Doc. 31.)  The motions are ripe for review.

## II.  STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(6), the Court may dismiss a cause of action for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  Such a motion "is a test of the plaintiff's cause of action as stated in the complaint, not a challenge to the plaintiff's factual allegations."  *Golden v. City of Columbus*, 404 F.3d 950, 958-59 (6th Cir. 2005).  Thus, the Court "must construe the complaint in the light most favorable to the plaintiff" and "accept all well-pled factual allegations as true[.]"  *Ouwinga v. Benistar 419 Plan Servs., Inc.*, 694 F.3d 783, 790 (6th Cir. 2012).  If more than one inference may be drawn from an allegation, the Court must resolve the conflict in favor of the plaintiff.  *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993).  The Court cannot dismiss a complaint for failure to state a claim

"unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.*

Generally, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The allegations need not be detailed but must "give the defendant fair notice of what the claim is, and the grounds upon which it rests." *Nader v. Blackwell*, 545 F.3d 459, 470 (6th Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)). A complaint's factual allegations "must be enough to raise a right to relief above the speculative level," and must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). A claim is plausible when it contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court is not required to accept as true mere legal conclusions unsupported by factual allegations. *Id.* (citing *Twombly*, 550 U.S. at 555).

Because Ackison's alter ego/veil piercing claim sounds in fraud, these allegations must also satisfy Federal Rule of Civil Procedure 9(b), which requires that "the circumstances constituting fraud … be stated with particularity." *Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 563 (6th Cir. 2003) (citing Fed. R. Civ. P. 9(b)); *MedChoice Financial, LLC v. ADS Alliance Data Systems, Inc.*, 857 F.Supp.2d 665, 676 (S.D. Ohio 2012) ("When a cause of action seeks to pierce the corporate veil on the basis of fraud, it is subject to the heightened pleading requirements of Rule 9(b)."). This particularity requirement "reflects the rulemakers' additional understanding that, in cases involving fraud and mistake, a more specific form of notice is necessary to permit a defendant to draft a responsive pleading." *United States ex rel. SNAPP, Inc. v. Ford Motor Co.*, 532 F.3d 496, 504 (6th Cir. 2008) (internal quotation marks omitted).

4

To satisfy Rule 9(b), a plaintiff must "allege the time, place, and content of the alleged misrepresentation" as well as "the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." *Bennett v. MIS Corp.*, 607 F.3d 1076, 1100 (6th Cir. 2010) (internal citations omitted).

## III.  ANALYSIS

Under Ohio law, the Court may disregard the corporate form only when: "(1) control over the corporation by those to be held liable was so complete that the corporation has no separate mind, will, or existence of its own, (2) control over the corporation by those to be held liable was exercised in such a manner as to commit fraud or an illegal act [or a similarly unlawful act] against the person seeking to disregard the corporate entity, and (3) injury or unjust loss resulted to the plaintiff from such control and wrong." *Belvedere Condominium Unit Owners' Assn. v. R.E. Roark Cos., Inc.*, 617 N.E.2d 1075, 1086 (Ohio 1993); *Dombroski v. WellPoint, Inc.*, 895 N.E.2d 538, 545 (Ohio 2008).  Each of these bases "is an independent ground of recovery that must be specifically pleaded.  As such, each element of the *Belvedere* test must be sufficiently well-pleaded 'showing that the pleader is entitled to relief'[.]" *Cap City Dental Lab, LLC v. Ladd*, No. 2:15-cv-2407, 2016 WL 4573993, *11 (S.D. Ohio Sept. 1, 2016) (internal citation omitted).  Generally, a parent company is not liable for the acts of its subsidiaries.  *In re Gas Natural, Inc.*, No. 1:13-cv-02805, 2015 WL 3557207, at *15 (N.D. Ohio June 4, 2015) (citing *United States v. Bestfoods*, 524 U.S. 51, 61 (1998)).

### A.  Ackison has Failed to Allege FTE's Control Over Focus

The first prong of the *Belvedere-Dombroski* test is "a restatement of the alter-ego doctrine," which requires that plaintiff show that the parent and the subsidiary are "fundamentally indistinguishable." *Taylor Steel, Inc. v. Keeton*, 417 F.3d 598, 605 (6th Cir. 2005).  To make this determination, Ohio courts have considered a range of factors, such as:

> (1) grossly inadequate capitalization, (2) failure to observe corporate formalities, (3) insolvency of the debtor corporation at the time the debt is incurred, (4) [the parent] holding [itself] out as personally liable for certain corporate obligations, (5) diversion of funds or other property of the company property [ ], (6) absence of corporate records, and (7) the fact that the corporation was a mere facade for the operations of the [parent company].

*Id.*  The Court does not accept as true allegations that state legal conclusions, such as '[Defendant] is the alter ego of [its parent]' and '[the parent's] control of [Defendant] was so complete that [Defendant] had no separate mind, will, or existence of its own'[.]"  *Cleveland Thermal Steam Distribution, LLC v. Carlyle Leader, LLC*, No. 1:14–CV–02709, 2015 WL 2066550, at *3 (N.D. Ohio May 4, 2015); *Cap City Dental Lab*, 2016 WL 4573993 at *12 ("Similarly, the 'information and belief' allegations that the Ladds 'exercised total dominion and control over the corporate defendants' and that the corporate defendants 'operated as the alter ego of the individual defendants' . . . are wholly unsupported by any concrete factual allegations, and are thus little more than conclusory statements.  As such, these allegations are not sufficient to plausibly support an inference of the requisite level of control.")

Ackison's veil piercing claim is rife with such legal conclusions.  In fact, in neither the complaint nor the proposed amended complaint has Ackison pointed to a single *fact* supporting these conclusions.  The closest Ackison comes to stating a fact is the allegation in its proposed amended complaint that, "upon information and belief, . . . [n]umerous times . . ., officers and agents of both Focus and FTE affirmed the companies' obligations to Ackison and promised to pay Ackison what it is owed, but full payment was never made."  (Doc. 27-1 at ¶ 16.)  Because this allegation goes to Ackison's claimed "pattern of defrauding subcontractors…", Federal Rule of Civil Procedure 9(b) requires that it be pled with particularity.  Ackison has not met this burden, because it has alleged neither "the time, place, and content of the alleged

misrepresentation" nor "the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." *Bennett*, 607 F.3d at 1100.

Ackison has failed to meet prong one of the *Belvedere-Dombroski* test.

### B. Ackison has Failed to Allege an Underlying Illegal, Unlawful, or Similar Act

Likewise, Ackison has failed to allege facts sufficient to meet the second prong of the *Belvedere-Dombroski* test: that FTE's control over Focus was exercised so as to commit any illegal, fraudulent, or similar act. *Dombroski*, 895 N.E.2d at 545.

Ackison's claims—that Ackison provided services to Focus and that Focus failed to pay all of Ackison's invoices—are premised on a breach of contract. (Doc. 1; Doc. 27-1.) Breach of contract claims, without more, cannot satisfy prong two. *Transition Healthcare Associates, Inc. v. Tri-State Health Investors, LLC*, 306 F. Appx. 273, 282 (6th Cir. 2009) ("Mere breach of contract is insufficient to satisfy prong two, and that is the most that Transition has presented.");[1] *Ragen v. Hancor, Inc*., 920 F.Supp.2d 810, 825–26 (N.D. Ohio 2013) ("Mr. Ragen points to several cases to support his position, but none stands for the concept that the extreme remedy of piercing the corporate veil can follow complete shareholder control combined with a contract dispute.")

Ackison argues that its fraudulent transfer allegations are "inseparable from the allegations surrounding the contract dispute" and that it has "satisfie[d] its obligations at this stage by including a well-plead claim for fraudulent transfer under the Ohio Uniform Transfer Act[.]" (Doc. 27 at 6-7.)

Ackison is mistaken. First, Ackison's fraudulent transfer claim contains no reference to FTE; it includes FTE only by way of the alter ego claim contained in Count VI. (Doc. 1 at ¶¶

---

[1] Ackison attempts to distinguish *Transition Healthcare* by pointing out that *Transition Healthcare* was in the posture of summary judgment. (Doc. 27 at 6-7.) No matter the posture, however, breaches of contract alone do not satisfy prong two of the *Belvedere-Dombroski* test.

42-49; Doc. 27-1 at 45-53.)  Second, Ohio's Fraudulent Transfer Statute (Ohio Revised Code

Section 1336.04) "sets a high bar of proving that a transfer was made with either the intent to

avoid a creditor or the knowledge that it would leave the company without sufficient assets for a

current or upcoming transaction."  *Ragen*, 920 F.Supp.2d at 826.  Ackison has pointed to no

specific facts, as opposed to conclusory allegations, that a transfer was even made, let alone with

the intent to avoid creditors.[2]

Moreover, because Ackison's fraudulent transfer claim alleges "actual intent to hinder,

delay, or defraud creditors[,]" it must meet the particularity requirements of Federal Rule of Civil

Procedure 9(b).  *Cap City Dental Lab*, 2016 WL 4573993 at *13.  Accordingly, Ackison must

"provide more than a mere recitation of the statutory elements" and "identify the set of facts

upon which [it] seeks to recover."  *Id.*  It must, at the very minimum, "reasonably identify the

types of transfers sought to be avoided[.]"  *Id.* (internal quotation omitted).

Ackison has failed to do this.  The meat of Ackison's fraudulent transfer claim contains

no facts:  "Upon information and belief, Focus transferred the funds it received to an insider or

third party with actual intent to defraud Ackison and delay or avoid payment to him, or without

receiving a reasonably equivalent value for the funds."  (Doc. 1 at ¶ 45; Doc. 27-1 at ¶ 48.)

Consequently, Ackison "has not met the standard for piercing the corporate veil by showing a

fraudulent transfer."  *See Ragen*, 920 F.Supp.2d at 826 (granting summary judgment to

defendant where dispute "sounds in a contract dispute, and the elements of a fraudulent transfer

(and the elements of *Belvedere*) are not met."); *In re Regional Diagnostics*, 372 B.R. 3, 17-18

(N.D. Ohio 2007) (finding fraudulent transfer allegations not to meet Rule 9(b) standard when

plaintiff has failed to make any "concise statement of any misrepresentation, how the statement

---

[2] Ackison makes no allegation that any hypothetical transfer left Focus without sufficient assets for a
current or upcoming transaction.

was false, to whom it was made and the time and place that the misrepresentation occurred[,]" or even to "identify the transactions alleged to be fraudulent.")

### C.  The Court need not Address Resulting Injury or Unjust Loss

Because Ackison has failed to meet the first two elements of the *Belvedere—Dombroski* test, the Court need not address this third factor.

### D.  Allowing Ackison to Amend its Complaint would be Futile

Ackison seeks to amend its complaint to "cure any purported deficiencies raised by FTE as to Plaintiff's veil piercing claim."  (Doc. 27 at 9.)  Ackison's proposed amended complaint is attached to Ackison's opposition to FTE's motion to dismiss.  (Doc. 27-1.)  Because the Court determined that even Ackison's proposed amended complaint fails to state a veil piercing claim, allowing Ackison to submit its proposed amended complaint would be futile.  As such, the Court **DENIES** Ackison's motion to amend its complaint.  *See Herhold v. Green Tree Servicing, LLC*, 608 F. Appx. 328, 335 (6th Cir. 2015) ("the district court did not err by denying Herhold's motion to amend her complaint on the basis of futility.")

### IV. CONCLUSION

For the above reasons, FTE's Motion to Dismiss Ackison's veil piercing claim (Count VI) is **GRANTED**.  (Doc. 22.)  Because, without the veil piercing claim, Ackison has no claims against FTE, FTE is hereby **DISMISSED** from the case.


**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　 /s/ Algenon L. Marbley_____
　　　　　　　　　　　　　　**ALGENON L. MARBLEY**
　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**


**DATED: March 13, 2017**